**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2199
_____

HENG CAI CHEN,
                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                          Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-799-621)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2013
Before:  AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 17, 2013 )
_____

OPINION
_____

PER CURIAM

Heng Cai Chen ("Chen"), a citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") denial of his motion to reopen. For the following reasons, we will deny the petition for review.

I.

In 2008, Chen appeared before an Immigration Judge ("IJ") for removal proceedings and sought asylum, withholding of removal, and protection under the Convention Against Torture based upon his practice of Catholicism and his refusal to marry the daughter of his town's mayor. The IJ rendered an adverse credibility finding and ordered Chen removed to China. The BIA dismissed Chen's appeal in 2009, and we denied his subsequent petition for review in Chen v. Att'y Gen., 386 F. App'x 205 (3d Cir. 2010).

In 2010, Chen filed a motion to reopen with the BIA. He stated that he had been baptized as a Christian in 2010, and that the Chinese government had increased its persecution of unregistered Christian groups between 2008 and 2010. In denying the motion, the BIA found that Chen's evidence did not establish a change in country conditions and that he had not addressed the IJ's prior adverse credibility finding. Chen did not petition us for review of the Board's decision.

In October 2012, Chen filed a second motion to reopen with the BIA.  In this motion, he asserted that the Chinese government had increased its persecution of unregistered Christian groups by beginning a campaign to eradicate "house churches."  His motion also alleged that such persecution would increase because of a "fundamental upheaval" occurring in China's "general political structure."  In denying the motion, the BIA determined that Chen's evidence neither established a change in country conditions nor demonstrated that he would suffer persecution upon his return to China.  Accordingly, the Board determined that Chen lacked a basis for filing his second motion to reopen after the 90-day deadline had passed.  Through counsel, Chen filed this petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252.  We review denials of motions to reopen under a deferential abuse of discretion standard and will not disturb the decision "unless [it is] found to be arbitrary, irrational, or contrary to law."[1]  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).  Generally, an alien may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered[.]"  8 C.F.R. § 1003.2(c)(2).  The

---

[1] Because we find that the BIA's decision was not arbitrary, irrational, or contrary to law, we do not reach the BIA's alternative conclusion that Chen did not establish a prima facie case for asylum relief.  See Sevoian v. Ashcroft, 290 F.3d 166, 169-70 (3d Cir. 2002) (citing INS v. Abudu, 485 U.S. 94, 105 (1988) (stating that the Board may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to

time and number requirements are waived for motions to reopen that are "based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011).

Chen does not dispute that his motion to reopen, his second, was filed more than 90 days after the BIA's final decision. Rather, he first asserts that the BIA erred in denying the motion by relying on the prior adverse credibility determination. That determination was mentioned only when the Board provided an overview of Chen's past removal proceedings and stated that the IJ "found that he was not credible." Accordingly, we cannot agree with Chen that the BIA relied on the adverse credibility finding as a reason to deny his motion to reopen.

Chen asserts that the Board also abused its discretion by "cherry-picking" the record to find that he failed to establish changed country conditions. We have previously stated that the BIA is required to consider a party's evidence of changed country conditions, and that it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). However, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."

---

the discretionary grant of relief")).

4

Wang, 437 F.3d at 275 (citations and internal quotation marks omitted). Here, the BIA reviewed, among the evidence that Chen submitted, his baptism certificate, a letter from Chen's church in the United States, Chen's affidavit, China Aid media reports from 2012, and the 2011 Fujian Province Comprehensive Social Order Administration Regulations. It then discussed the China Aid media reports to support its finding that Chen's evidence was inadequate to demonstrate the existence of changed country conditions.

To the extent Chen argues that the Board erred by failing to find the existence of changed country conditions, we conclude that the BIA's determination was reasonable. In its order denying Chen's first motion to reopen, the Board took judicial notice of the 2010 International Religious Freedom Report, which establishes that the practice of Christianity in China is restricted to churches registered with the government, and that leaders and members of unregistered churches have continued to face detention for religious activities. This report also notes that "[s]ince 1999, the Secretary of State has designated [China] a 'Country of Particular Concern' … under the International Religious Freedom Act (IRFA) for particularly severe violations of religious freedom." See also Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions) (citation omitted). Furthermore, the media reports Chen submitted detailing various raids on underground churches can be viewed as illustrations of the continuous persecution of Christians in China, not as demonstrating a change in country conditions. Based upon the

5

evidence, the BIA plausibly concluded that restrictions upon religious freedom have persisted in China since before Chen's 2008 hearing.  See Pllumi, 642 F.3d at 161 (BIA did not err in denying reopening where "the conditions described have persisted").

## III.

After reviewing the record, we conclude that the Board's decision to deny Chen's motion to reopen was not arbitrary, irrational, or contrary to law.  Accordingly, we will deny the petition for review.